DANIEL G. BOGDEN
United States Attorney
CRISTINA D. SILVA
Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada  89101
PHONE: (702) 388-6336
FAX:  (702) 388-6698

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | **2:04-cr-00215-LDG-PAL** |
| Plaintiff, | |
| vs. | GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (Doc. #63) |
| THOMAS HATFIELD, | |
| Defendant. | |

COMES NOW the United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and CRISTINA D. SILVA, Assistant United States Attorney, and respectfully requests that Defendant's Motion for Early Termination of Supervised Release (Doc. #63) be denied.

On January 19, 2005, Defendant entered a guilty plea to Count One of the Criminal Indictment, charging him with a violation of Title 18, United States Code, Section 2252(a)(2), *Receipt of Child Pornography*. Doc. #31. On April 5, 2005, this Court sentenced Defendant to 60 months imprisonment, with credit for time served, a lifetime term of supervised release to follow imprisonment. Doc. #36. Defendant's supervised release term commenced in November of 2008. This Court may, after considering certain enumerated factors,[1] terminate a term of supervised

---

[1]    Those factors are: 18 U.S.C. § 3553(a)(1) nature and circumstances of the offense and history and

release at any time after the expiration of one year of supervised release ". . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice.  18 U.S.C. § 3583(e)(1).

Among courts that have considered this question, both in this context and in the context of similar motions for early termination of supervised release, the majority rule appears to be that "mere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination."  *United States v. Caruso*, 241 F. Supp.2d 466, 469 (D.N.J. 2003) (collecting cases); *see also United States v. Miller*, 205 F.3d 1098, 1100-01 (9th Cir. 1999).

In rare instances a changed in circumstances, for example exceptionally good behavior or a paid amount of restitution, may render a previously imposed term of supervised release too harsh or inappropriately tailored to serve the general punishment goals of 18 U.S.C. § 3553(a).  In those rare cases, a Court may discharge a defendant from supervised release.  *See United States v. Grimaldi*, 482 F.Supp.2d 248 (D. Conn 2007).

In the instant case, Defendant was sentenced 60 months of imprisonment followed by lifetime supervision.  Defendant previously moved the Court for early termination of his supervised release. Doc. #61. In that motion, the Defendant previously moved to terminate his supervised release because he "abided by the terms of his supervised release for a period exceeding one year." Doc. #59 at 2.  The motion was denied. Doc. #62.

The Defendant now cites the *same* reason for seeking early termination. *See* Doc. #63 at 2. Similar to his prior motion, Defendant has not provided this Court a basis for early termination of his

---

characteristics of the defendant; 18 U.S.C. § 3553(a)(2)(B) to afford adequate deterrence to criminal conduct; (a)(2)(C) to protect the public from further crimes of the defendant; 18 U.S.C. § 3553(a)(4) the kinds of sentences and the sentencing range established [under the Sentencing Guidelines]; 18 U.S.C. § 3553(a)(5) any pertinent policy statement [under the Guidelines]; 18 U.S.C. § 3553(a)(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553.

supervised released.  Finally, defendant offers no legitimate reason for terminating his supervised release for a child sex offense after six and a half years. He does not claim that remaining on supervision would result in any hardship, or, even any inconvenience. Rather, he simply claims that he has followed the conditions imposed upon him.  That is precisely what the defendant is supposed to do, and is the reason why supervised release is imposed, especially on offenders such as the defendant who was convicted of sexual offense involving children.

The Government recognizes that additional time has passed since his initial motion to terminate supervision was filed, and that the defendant is now 82 years old.  Nonetheless, continued supervision is thus reasonable, necessary, and rationally related to deterring criminal conduct and protecting the public, and is also consistent with the congressionally-recognized interest in supervising child sex offenders for as long as possible.  As stated in the Government's prior opposition to the defendant's motion to terminate supervised release early, the policy statement contained in Section 5D1.2(c) reflects powerful evidence indicating that recidivism rates for sex offenders do not appreciably decline as offenders age. *See* H.R. Rep. 107-527, 2003 WL 131168 (discussing lifetime supervised release for sexual offenders). Because in sex crimes cases there is no reason to believe that the need for supervision inherently decreases with time, Congress found lifetime supervised release to be an appropriate default and directly inserted this recommendation into the guidelines.  Lifetime supervision for the defendant was appropriate when it was ordered by the Court at the time of defendant's sentencing, and remains appropriate today.

## CONCLUSION

Based on the forgoing point, authorities and arguments, the Government respectfully requests that the Defendant's Motion for Early Termination of Supervised Release be denied. Because the lifetime term of supervised release is reasonable and necessary to adequately monitor defendant following his child sex offense conviction, and because he offers no legitimate grounds

for terminating the Court's supervision, the United States asks this Court to deny his motion.

Respectfully submitted this 17th day of June, 2015.

Respectfully Submitted,

DANIEL G. BOGDEN
United States Attorney

 /s/ Cristina D. Silva
CRISTINA D. SILVA
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I, Cristina D. Silva, do hereby certify that on July 17, 2015, a copy of the Government's Response to the *Defendant's Motion to Terminate Supervised Release* was sent by United States Postal mail to the person hereinafter named, at the place and address stated below, which is the last known address:

**Addressee:**
Thomas R. Hatfield
606 Tiffany Lane
Las Vegas, NV 89101

/s/ Cristina D. Silva
CRISTINA D. SILVA
Assistant United States Attorney